UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAPPHIRE HOSPITALITY INVESTMENTS, LLC, a foreign limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>OREGON MUTUAL INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | Case No. 3:23-cv-00146-DKG<br><br>ORDER |

## INTRODUCTION

Before the Court in the above-entitled matter are Plaintiff's Motion for Order of Default, and Motion to Direct Clerk to Enter Default and Strike Answer. (Dkt. 6, 14.) The motions have been fully briefed and are ripe for the Court's consideration. Having reviewed the record, the Court finds the facts and legal arguments are adequately presented in the briefs. Accordingly, in the interest of avoiding delay, and because the decisional process would not be aided by oral argument, the motions will be decided on the record presently before the Court. Dist. Idaho L. Rule 7.1(d). For the reasons that follow, the Court will deny the motions.

## BACKGROUND

Plaintiff initiated this action on April 5, 2023 by filing a Complaint against

ORDER - 1

Defendant alleging claims for breach of contract and insurance bad faith. (Dkt. 1.) On April 14, 2023, Plaintiff served copy of the Summons and Complaint upon the Director of the Department of Insurance, State of Idaho. (Dkt. 5.) Defendant was notified that it had been served by the Department of Insurance on April 17, 2023. (Dkt. 5.) No answer or responsive pleading was filed before the time for doing so expired. Fed. R. Civ. P. 12(a)(1).

Consequently, Plaintiff filed a Motion for Order of Default on May 8, 2023. (Dkt. 6-8.) Thereafter, Defendant filed a notice of appearance on May 12, 2023, and an Answer on May 15, 2023. (Dkt. 9, 11.) Defendant also filed a response to the Motion for Order of Default on May 30, 2023. (Dkt. 13.) On June 1, 2023, Plaintiff filed a Motion to Direct Clerk to Enter Default and Strike Answer, to which Defendant has responded. (Dkt. 14, 16, 17.) The Court finds as follows.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, there exists a "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

"Under [Rule] 55, 'the filing of a late answer is analogous to a motion to vacate a default, because the party filing the late answer receives the same opportunity to present mitigating circumstances that it would have had if a default had been entered and it had moved under Rule 55(a) to set it aside.'" *Davidow v. Zalnatrav, Inc.*, 2022 WL

ORDER - 2

17532353, at *7 (W.D. Wash. Dec. 8, 2022) (quoting *Barefield v. HSBC Holdings PLC*, 2019 WL 918206, at *2 (E.D. Cal. February 25, 2019)). The court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). In determining whether good cause exists, the Court considers the following three factors: 1) whether the moving party engaged in culpable conduct that led to the default; 2) whether movant has a meritorious defense; and 3) whether the non-moving party would be prejudice if default is set aside. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II v. Huntington Rests. Grp. Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). These factors are applied more liberally when evaluating a motion to set aside an entry of default rather than a motion to set aside default judgment. *Hart as Trustee of Gerard and Heather Hart Living Trust dated Feb. 28, 2014 v. Legends Development Co.*, 2023 WL 3627702, at *2 (D. Idaho May 23, 2023) (citations omitted).

Courts have broad discretion in deciding whether to vacate an entry of default. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986) ("The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment."); *Ricotta v. California*, 4 F. Supp. 961, 988 (S.D. Cal. 1998). It is defendant's burden to establish that good cause to vacate the entry of default exists. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled in part on other ground by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 149 (2001). Ultimately, there is a strong preference for deciding cases on the merits, and therefore any doubts should be resolved in favor of setting aside the default. *Direct Mail Specialists v. Eclat Computerized Techs.*, 840 F.2d 685, 690 (9th Cir. 1988); *Mendoza*,

ORDER - 3

783 F.2d at 945–46 ("Where timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits.").

## DISCUSSION

The Court finds entry of default is not appropriate under the circumstances presented here, and will not impose sanctions in the form of striking the Answer or monetary relief at this time. *Eitel*, 782 F.2d at 1472 (discussing the strong policy in favor of deciding cases on their merits).

Defendant concedes that its answer was untimely, and attributes the delay to "a calendaring miscue." (Dkt. 17.) Defendant represents that upon realizing the mistake, it promptly filed the Answer and has corrected the calendaring issue. While the Answer was untimely by a few days, Defendant has now appeared, filed its pleading and responsive briefing, and is defending itself in this lawsuit. Undoubtedly Defendant should have filed its answer within the time limit or, at the very least, requested leave to file its answer late. Fed. R. Civ. P. 6(b)(1)(B). However, the failure to do so was at most excusable neglect and, regardless, does not outweigh the strong policy favoring decisions on the merits – particularly given this case is in the very early stages of litigation. *Eitel*, 782 F.2d at 1471-72. For these reasons, the motions will be denied.

If default had been entered, the Court further finds good cause has been shown to set aside the entry of default. *See KT Contracting Co., Inc. v. Farb*, 2023 WL 2868773, at *3 (D. Idaho April 10, 2023) ("[T]he good cause standard governs vacating an entry of default under Rule 55(c), not for the entry of default."). In making this determination, the

ORDER - 4

Court, in its discretion, evaluates the three good cause factors as follows.

First, as to culpability, the Court finds that although Defendant is a legally sophisticated party, Defendant's calendaring miscue appears to be unintentional and inadvertent, and, therefore, not culpable.[1] This type of simple carelessness is insufficient to establish the kind of culpable conduct warranting entry of default. *See e.g., Hart*, 2023 WL 3627702, at *2-3 (discussing caselaw holding that culpability for sophisticated parties does not include simple carelessness.). Additionally, Defendant filed its pleading "promptly" after realizing the mistake and before default was entered, and has since then filed timely responses to Plaintiff's motions. (Dkt. 13, 16, 17.) This further demonstrates that Defendant's overdue pleading was not an act of bad faith or otherwise constitutes culpable conduct. *Id.* (quoting *Mesle*, 615 F.3d at 1092) (the term "intentionally" means that "a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with decisionmaking, or otherwise manipulate the legal process.'").

As to the next factor, Defendant has asserted meritorious defenses. This is not a high burden. "All that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense[.]" *United States v. Aguilar*,

---

[1] The Court has considered Plaintiff's arguments that the tardy filing is a continuation of Defendant's ongoing delay in adjusting the insurance claim. (Dkt. 14.) At this stage, the Court accepts Defendant's sworn representations as true, and finds that Plaintiff's arguments go to the merits of its claims and should be resolved as such. (Dkt. 17.) However, if it becomes apparent that Defendant is thwarting the procedural rules for tactical or other improper reasons, the Court will entertain a future motion for sanctions and may revisit this finding.

782 F.3d 1101, 1107 (9th Cir. 2015) (quoting *Mesle*, 615 F.3d at 1094). Importantly, "whether the factual allegation[s] [are] true is not to be determined by the court when it decides the motion to set aside the default…that question would be the subject of the later litigation." *Mesle*, 615 F.3d at 1094. Here, Defendant's Answer denies the factual allegations determinative of the claims contained in the Complaint, and sets forth eight defenses that Defendant intends to pursue. (Dkt. 11.) Although conclusory, the Answer plainly asserts that Defendant denies policy coverage, disputes the amount of damage claimed and covered by the policy, and maintains that it adjusted the claim as required under the contract and applicable law. (Dkt. 11.)

Finally, Plaintiff is not prejudiced by the denial of entry of default. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying the resolution of the case" or "being forced to litigate on the merits." *TCI Grp.*, 244 F.3d at 701. Rather, "[t]he standard is whether [the plaintiff's] ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The prejudice Plaintiff alleges here is the continuing damages it claims to be suffering as a result of Defendant's delay and refusal to resolve the insurance claim. (Dkt. 14.) The continuation of damages, however, does not amount to the kind of prejudice warranting denial of entry of default. *See TCI Grp.*, 244 F.3d at 701 (The "mere delay in the resolution of the case is not the type of 'prejudice' that warrants the severity of a default judgment."). Thus, Plaintiff has not demonstrated that its ability to pursue its claims will be hindered. Further, the prejudice alleged is outweighed by the important policy of deciding this case on the merits and a developed record. Indeed, the alleged continuing damages may be

ORDER - 6

recoverable if Plaintiff prevails on any of its claims.

Based on the foregoing, the motions requesting entry of default, to strike, and for sanctions will be denied at this time. Defendant is cautioned that future late filings or dilatory adherence to the rules will not be tolerated, and may result in sanctions if such practices continues.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1. The Motion for Order of Default (Dkt. 6) is **DENIED**.

2. The Motion to Direct Clerk to Enter Default (Dkt. 14) is **DENIED**.

3. The Court will issue a separate Litigation Order that sets a telephonic scheduling conference and directs the parties to confer and submit a joint litigation plan and a discovery plan. Dist. Local Rule Civ. 16.1.

DATED: July 10, 2023

_____
Honorable Debora K. Grasham
United States Magistrate Judge