UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAPPHIRE HOSPITALITY INVESTMENTS, LLC, a foreign limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>OREGON MUTUAL INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | Case No. 3:23-cv-00146-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Plaintiff Sapphire Hospitality Investments, LLC's Request for Attorney Fees and Costs (Dkt. 51). Having reviewed the parties' submissions and the record, the Court finds the facts and legal argument adequately presented and concludes that oral argument would not significantly aid the decisional process. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); Fed. R. Civ. P. 78(b). For the reasons explained below, the Court grants the motion in part.

## BACKGROUND

Plaintiff Sapphire Hospitality Investments, LLC ("Sapphire") owns and operates a hotel in Lewiston, Idaho (Dkt. 1 at ¶ 7). Defendant Oregon Mutual Insurance Company ("Oregon Mutual") issued a "Businessowners Protector Insurance Policy" to Sapphire with a policy period from April 30, 2020, to April 30, 2021 (*id*. at ¶ 8). On April 5, 2023, Sapphire filed this action against Oregon Mutual, alleging breach of contract and bad faith based on Oregon Mutual's conduct in adjusting and handling the claims arising out of a fire loss that occurred in April 2021 at Sapphire's hotel

MEMORANDUM DECISION AND ORDER - 1

(Dkt. 1 at 18-22). Oregon Mutual has denied Sapphire's allegations, including that it denied Sapphire's claim (Dkt. 11 at 10-11; Dkt. 44 at 6).

During discovery, Plaintiff sought information concerning Defendant's claims-handling personnel, including customer complaints, disciplinary actions, compensation structures, and employee qualifications. Defendant objected. After conferral efforts and an informal discovery conference, Plaintiff moved to compel (Dkt. 41). On August 4, 2025, the Court granted the motion to compel, concluding the requested information was relevant and proportional to Plaintiff's claims and that none of the Rule 37(a)(5)(A) exceptions applied (Dkt. 50). The Court held Plaintiff was entitled to recover reasonable fees and expenses incurred in bringing the motion. Plaintiff then filed the present fee request supported by billing records (Dkts. 51, 51-1). Defendant opposed the amount sought and provided annotated billing summaries (Dkts. 52, 52-1). Plaintiff replied and submitted a supplemental declaration (Dkts. 53, 53-1).

## LEGAL STANDARD

When a motion to compel has been granted, the Court must, after an opportunity to be heard, require the party whose conduct resulted in the motion, or the attorney advising the conduct, or both, to pay the movant's reasonable attorney fees. Fed. R. Civ. P. 37(a)(5)(A). Awarding attorney fees is mandatory under Rule 37 unless one of three exceptions apply: (i) the moving party filed the motion before making a good faith effort to obtain disclosure without court intervention; (ii) the nondisclosure was substantially justified; (iii) or other circumstances make the award of fees unjust. Fed. R. Civ. P. 37(a)(5). Here, the Court has already found that none of those exceptions apply (Dkt. 50).

If the moving party is indeed entitled to fees, the Court must determine the amount to which it is entitled. In the Ninth Circuit, courts use the two-step "lodestar method" to calculate a

reasonable fee. *Morales v. City of San Rafael*, 96 F.3d 359, 363-54 (9th Cir. 1996). The Court first evaluates whether the rate charged and the hours expended by the attorneys were reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The reasonable hourly rate is then multiplied by the reasonable number of hours to establish a lodestar figure. *Id.* This lodestar figure is a presumptively reasonable fee but may be adjusted based on a variety of factors. *Gonzales v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Such adjustments, however, are appropriate "[o]nly in rare instances." *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994).

## ANALYSIS

### A.  Hourly Rates

Plaintiff seeks $500 per hour for partner Richard T. Wetmore, $265 per hour for associate A. Lloid, and $200 per hour for staff S.W. Defendant urges lower rates. The record shows these same rates were recently approved in this District in *In re Northwest Grading, Inc.*, Bankruptcy Case No. 24-20429-NGH, where Dunn & Black, P.S. was appointed as special counsel (Dkt. 53-1.) Given that contemporaneous approval, the experience levels of the timekeepers, and the Court's knowledge of prevailing District of Idaho market rates, the Court finds the requested rates reasonable.

### B.  Hours Reasonably Expended

Plaintiff did not total its hours. Defendant reviewed the billing records (Dkt. 51-1) and determined that Plaintiff seeks compensation for 44.1 hours (Dkt. 52 at 6). Plaintiff did not dispute that calculation, and the Court accepts it.

In its opposition, Defendant raises two principal objections to the hours billed. First, Defendant contends that several entries reflect block billing, making it difficult to determine how much time was spent on compensable versus non-compensable tasks (Dkt. 52 at 5-6). Second,

MEMORANDUM DECISION AND ORDER - 3

Defendant asserts that a number of entries reflect duplicative or excessive work, particularly in connection with preparing the motion to compel and the reply brief (*id*. at 3-6).

The latter objection, however, is raised at a high level of generality, other than as discussed below. Vague objections of this kind do not support a reduction. The Court does not find any unreasonable duplication of effort beyond the specific adjustments addressed separately below in response to Defendant's focused objections concerning reply-briefing hours and clerical tasks. No reduction is warranted on the grounds of duplication, generally.

    1.    **Block Billing**

Defendant objects that a large portion of the submitted entries constitute block billing (Dkt. 52 at 5-6). Although courts may reduce fees where block billing prevents meaningful review, *see Fuller v. Dep't of Corrections*, 1:13-cv-00035-DCN, 2019 WL 6332850 (D. Idaho Nov. 26, 2019), the entries challenged here are sufficiently descriptive to allow the Court to assess the reasonableness of the time expended. The descriptions identify discrete tasks performed on the same day and reflect work reasonably connected to the motion to compel and related briefing. The Court therefore finds the block-billing objection unpersuasive and does not impose any reduction on this basis.

    2.    **Motion to Compel**

Wetmore spent approximately 9.7 hours drafting and editing the motion to compel, including conferral, research, drafting, and filing. Given the substance of the dispute and the drafting reflected in the entries, the Court finds these hours reasonable.

### 3. Joint Discovery Letter

Wetmore billed two hours preparing the joint discovery letter and coordinating the informal discovery conference. Defendant contends only one hour is reasonable, but the Court finds the full two hours appropriate given the substantive nature of the letter and its usefulness to the Court.

### 4. Reply Brief

The reply brief, fewer than ten pages, reflects 23.4 hours of combined attorney and staff time. Wetmore spent roughly nine hours on the opening motion. The Court finds the full 23.4 hours slightly excessive in context. Assuming an associate billing at half the hourly rate might reasonably require up to twice as many hours to draft a reply, 23.4 hours exceeds that benchmark. Consequently, the Court finds 18 hours to be the reasonable amount and reduces the claimed time by 5.4 hours at the associate rate of $265 per hour. This equates to a reduction of $1,431.

### 5. Clerical and Administrative Tasks

The Court finds the submitted billing records include 1.2 hours of clerical tasks (Dkt. 51-1 at 3/18/25). This block-billed entry includes tasks such as emailing, e-filing, and the preparation of a Dropbox link to facilitate transferring communications to Plaintiff. Because such tasks are not compensable, the Court deducts 1.2 hours at the staff rate of $200 per hour, for a reduction of $240. *Fuller*, 2019 WL 6332850, at *7 (citing *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000).

## C. Resulting Lodestar and Costs

The Court reduces 6.6 hours (5.4 hours for the reply and 1.2 hours of clerical time), resulting in 37.5 compensable hours. These reductions total $1,671, lowering the fee award from $15,695.50 to $14,024.50.

MEMORANDUM DECISION AND ORDER - 5

Plaintiff also seeks $1,207.11 in Westlaw research charges. Computer-assisted research costs are often recoverable. *See* I.R.C.P. 54(e)(3)(K); *Zubillaga v. Bransford*, 2024 WL 1116183, at *2 (D. Idaho Mar. 14, 2024). The Court finds awarding computer-assisted research costs reasonable here.

## ORDER

IT IS ORDERED:

1. Plaintiff's Request for Attorney Fees and Costs (Dkt. 51) is **GRANTED IN PART**.

2. Plaintiff is awarded $14,024.50 in attorney fees and $1,207.11 in costs, for a total of $15,231.61.

3. In light of the Parties' stipulated dismissal upon resolution of this motion, the Clerk is instructed to close this matter. A separate judgment will issue.

DATED: November 14, 2025

Amanda K. Brailsford
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6